HERGET, Judge.
John E. Firmin, Jr., on behalf of his minor daughter, Sonia Ann Firmin, instituted suit for alleged personal injuries sustained by her against Una H. Johnson and The Travelers Indemnity Company, the automobile liability insurer of Emoor S. Bordelon, Jr., and in his own behalf sues for $325.40 special damages incurred because of Sonia Ann’s injuries.
The Trial Court rendered judgment in-favor of Plaintiff against Mrs. Una H. Johnson, but rejected Plaintiff’s demands and dismissed his suit as to the defendant, The Travelers Indemnity Company. Plaintiff appealed from the judgment dismissing his suit against The Travelers Indemnity Company.
North Acadian Thruway is a paved thoroughfare in the City of Baton Rouge running generally northerly-southerly, providing three traffic lanes in each direction but the routes for travel in each direction are separated by a space of one city block. Brady Street is a two lane street running generally easterly-westerly and intersects North Acadian" Thruway on both the east and west side. There is a stop sign located on the northeast corner of Brady Street at the easternmost lane of the southbound traffic lanes of North Acadian Thruway commanding traffic proceeding westerly on Brady Street to stop before entering Acadi-an Thruway.
Miss Firmin was a guest passenger in the Bordelon vehicle driven by Miss Mary Catherine Bordelon. Miss Bordelon was traveling in the westernmost lane of the southbound traffic lanes of North Acadian Thruway. Mrs. Johnson was proceeding in a westerly direction on Brady Street. The speed limit provided for North Acadian Thruway is 35 miles per hour and the evidence reflects Miss Bordelon was traveling well within that range, or approximately 30 miles per hour. When counsel for Plaintiff called Mrs. Johnson on cross-examination counsel for The Travelers Indemnity Company timely and properly objected to any evidence elicited on such cross-examination to prove the negligence of Miss Bordelon. According to the testimony of *635 Mrs. Johnson on cross-examination she stopped at the stop sign, waited for two cars to pass, then entered the Acadian Thruway without observing the oncoming Bordelon vehicle.
From the physical finding of debris, as determined by an officer who investigated the accident, the point of collision was nine feet east of the west parallel line of North Acadian Thruway; the Johnson vehicle proceeded some 28 feet from the point of collision and the Bordelon vehicle 30 feet; that the two cars ended up in the farthermost western lane for southbound travel on North Acadian Thruway alongside each other facing in a southwesterly direction; and, further, that the right front fender and right side of the Johnson vehicle and the left front fender and left side of the Borde-lon vehicle were damaged in the collision.
Both Miss Firmin and Miss Bordelon testified Miss Bordelon was proceeding in an unhurried manner and neither observed the Johnson vehicle until just prior to the point of impact. The officer testified the Bordelon vehicle left one foot of skid marks prior to the point of impact.
The only basis on which Plaintiff may attribute negligence to Miss Bordelon in the causation of this accident is the fact same occurred after the Johnson vehicle had crossed two-thirds of the distance across the southbound lanes of North Acadian Thruway, from which counsel maintains the negligence of Miss Bordelon is apparent, as, by the exercise of due care, she could have avoided the accident. To give effect to this contention, the Court would be required to indulge in the surmise that the Johnson vehicle entered the intersection at a time the Bordelon vehicle was so distant from same her passage across North Acadian Thruway would not obstruct the Bordelon vehicle proceeding southerly through the intersection on said thruway; that at such time there were no other vehicles obstructing the view of the driver of the Bordelon vehicle of the oncoming Johnson vehicle; that the speed of the crossing Johnson vehicle was not excessive; that such entry was made at a time the evidence would reflect a negligent disregard by Miss Bordelon of the crossing Johnson vehicle. Except as to the point of collision, from the evidence there is nothing affirmatively establishing the negligence of Miss Bordelon.
As observed by us in Guarisco v. Swindle, La.App., 132 So.2d 635, a motorist proceeding on a thruway such as North Acadian Thruway, to give effective use of said highway, is required to maintain a higher speed than is applicable to less traveled or inferior streets and in doing so is required to observe the road ahead and is not required to anticipate another motorist will enter his pathway at an intersection when, because of the proximity of the motorist traveling on the favored highway to the intersection, same could not be done in safety.
The burden of proof rests on Plaintiff to prove the negligence of Defendant’s assured by a preponderance of the evidence and from the evidence adduced on the trial of this case we are in accord with the Trial Judge’s conclusion the proximate cause of the accident was the negligence of Mrs. Johnson in entering and attempting to cross North Acadian Thruway at a time when the oncoming Bordelon vehicle was in such close proximity thereto Miss Bor-delon could not have reasonably utilized any maneuver to avoid colliding with the Johnson vehicle.
Affirmed.